On July 24, 1998, Officer Scott Griffith of the Alliance Police Department and two other officers were conducting a plainclothes narcotic interdiction in Alliance, Ohio. Officer Griffith observed appellant, Mark Smith, sitting in a vehicle parked on South Liberty Avenue. Also in the vehicle was Carrie Hicks, a known convicted drug abuser. Officer Griffith set up surveillance and observed Ms. Hicks exit the vehicle. A few minutes later, Michael Harper, who is also a known convicted drug abuser, approached appellant's vehicle. Mr. Harper stood by the driver's side of appellant's vehicle for approximately ten seconds and then turned away. Thereafter, appellant pulled away. Officer Griffith followed appellant and effected a traffic stop. Appellant exited the vehicle. Officer Griffith looked into the vehicle and observed a folded index card on top of the armrest. Upon picking up the index card and unfolding it, Officer Griffith discovered a piece of crack cocaine.
As a result of this incident, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11 (A). On October 30, 1998, appellant filed a motion to dismiss and/or suppress evidence claiming an unreasonable stop and lack of probable cause to search. A hearing was held on November 2, 1998. By judgment entry filed November 9, 1998, the trial court denied said motion.
On November 9, 1998, appellant pled no contest. By judgment entry filed December 18, 1998, the trial court sentenced appellant to three years of community control.
Appellant filed an appeal. By judgment entry filed May 18, 1999, this court remanded the case to the trial court for findings of fact and conclusions of law. The trial court complied with this remand by filing a judgment entry on June 9, 1999. This matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND/OR SUPPRESS THE EVIDENCE IN THAT THE OFFICER DID NOT HAVE THE REQUISITE REASONABLE BELIEF, BASED UPON SPECIFIC AND ARTICULABLE FACTS, THAT CRIMINAL BEHAVIOR WAS IMMINENT OR THAT IT HAD OCCURRED, IN ORDER TO EFFECT A WARRANTLESS SEIZURE OF DEFENDANT'S PERSON.
II
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND/OR SUPPRESS THE EVIDENCE IN THAT THE WARRANTLESS SEARCH OF THE DEFENDANT'S VEHICLE WENT BEYOND THE PERMISSIBLE SCOPE OF THE PLAIN VIEW EXCEPTION.
Appellant challenges the trial court's denial of his suppression motion. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 I
Appellant claims the trial court erred in determining his stop met the standards set forth in Terry v. Ohio (1968),392 U.S. 1. We disagree.
In Terry and its progeny, to stop an individual, an officer must have a reasonable belief, based upon specific and articulable facts, that criminal behavior was imminent, or that it had occurred. In its judgment entry filed June 9, 1999, the trial court found specific and articulable facts to warrant the stop:
 * * * the Court finds that the area where the contact between the defendant, Hicks, and Harper took place was a high drug activity area. The Court also finds that the contact was made directly across from the residence located at 640 E. Grant Street, which is a residence that, likewise, has involved numerous documented complaints regarding drug activity. Additionally, the Court finds that the defendant was in the presence of two convicted drug abusers who had made contact with him at a time and in a way which was consistent with a drug transaction. Based upon the totality of the surrounding circumstances, the officer's suspicion of criminal activity was reasonable and warranted.
We concur these facts are established in the record. Further, given the scope of the surveillance and the actions observed, it could very well be argued Officer Griffith had in fact observed a felony i.e., selling an illegal substance.
Based upon the totality of the circumstances, we find the trial court did not err in finding the stop to be constitutional.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in determining the seizure of the folded index card fell under the "plain view" exception. We disagree.
In Harris v. United States (1968), 390 U.S. 234, 236, the United States Supreme Court held "it has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." In Texas v. Brown (1983),460 U.S. 730, 738, then Justice Rehnquist explained the plain view doctrine does not set limitations on "open view" sightings:
 '* * * objects such as weapons or contraband found in a public place may be seized by the police without a warrant. The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity.' A different situation is presented, however, when the property in open view is 'situated on private premises to which access is not otherwise available for the seizing officer.'* * * '[P]lain view' provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment. (Citations omitted.)
In Katz, Ohio Arrest, Search and Seizure (1997 Ed.) 214, Section 13.01, a two part test is set forth that must be met to justify a plain view search and seizure: the "intrusion affording the plain view must be lawful" and the "incriminating nature of the evidence must be immediatelyapparent to the seizing authority." This test was extrapolated from two opinions issued by the Supreme Court of Ohio, State v.Wilmoth (1982), 1 Ohio St.3d 118, certiorari denied (1983),460 U.S. 1081, and State v. Williams (1978), 55 Ohio St.2d 82. Because of our decision in Assignment of Error I, the scope of our inquiry under this assignment is whether the incriminating nature of the seized evidence was "immediately apparent."
If an object is in a closed container, the object "is not in plain view and the container may not be opened unless the packing gives away the contents." Katz, at 221, citingUnited States v. Williams (1994), 41 F.3d 192, certiorari denied (1995), 115 S.Ct. 1442. In other words, an object's "incriminating nature must be readily apparent from a visible observation only." Katz, at 221. In State v. Halczyszak (1986),25 Ohio St.3d 301, paragraphs three, four and five of the syllabus, the Supreme Court of Ohio set forth what comprised "immediately apparent":
 3. The 'immediately apparent' requirement of the 'plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity.
 4. In ascertaining the required probable cause to satisfy the 'immediately apparent' requirement, police officers may rely on their specialized knowledge, training and experience; * * *.
 5. State v. Wilmoth (1982), 1 Ohio St.3d 118, and State v. Williams (1978), 55 Ohio St.2d 82
[9 O.O.3d 81], are hereby modified insofar as they are inconsistent with the following opinion.
At the suppression hearing, Officer Griffith testified to the following:
 Upon looking into Mr. Smith's vehicle I saw what was folded and looked like a piece of cardboard.
 It was actually an index card. It was folded very small are (sic) placed on the armrest next to the seat that he had occupied. This was in plain view. Based on my training, education are (sic) experience, that is, guys commonly use this to transport cocaine or crack cocaine.
T. at 18-19.
Officer Griffith then opened the index card and found a piece of crack cocaine. T. at 20. Officer Griffith admitted the piece of crack cocaine was not visible without opening the index card. T. at 27. Officer Griffith testified he has seen cocaine transported in a similar manner on at least 30 to 40 occasions. T. at 21.
With the Supreme Court of Ohio's modification ofWilliams in the Halczyszak decision, an officer may use his experience and training to "bootstrap" a simply innocent index card into the heightened view of "immediately apparent." Without Officer Griffith's observations of acts similar to a drug transaction (T. at 11-12) and the presence of known drug abusers in a high drug area of the city where numerous drug complaints had been received by the police (T. at 8-9, 12), the "immediately apparent" requirement might not have been met.
Consistent with the syllabus law in Halczyszak, we find the incriminating nature of the folded index card, given the factssub judice, was "immediately apparent." The trial court did not err in determining the index card fell under the "plain view" exception.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES